UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COUNTRY FRESH, L.L.C.,

        Plaintiff,

v.

        Case Number 07-14688-BC
        Honorable Thomas L. Ludington

GENERAL TEAMSTERS LOCAL 406,
*Affiliated with International Brotherhood
of Teamsters, Chauffeurs, Warehousemen
and Helpers of America,*

        Defendant.
_____ /

## ORDER GRANTING PLAINTIFF'S MOTION FOR COURT ORDER TO ENFORCE ARBITRATION SUBPOENAS AND ORDERING WITNESSES TO APPEAR BEFORE THE ARBITRATOR

Plaintiff Country Fresh L.L.C.'s ("Plaintiff") motion for court order to enforce arbitration subpoenas [Dkt. # 2] is presently before the Court. Plaintiff and Defendant General Teamsters Local 406 ("Defendant") are currently involved in arbitration proceedings regarding the discharge of Plaintiff's employee, Kenneth McFerrin, Sr. ("McFerrin"). Alan Walt, the arbitrator in the proceedings, issued subpoenas requesting third-party witnesses testify at the arbitration proceeding. Those witnesses refused to appear without legal representation. Defendant objected to the presence of witnesses represented by counsel and Plaintiff requested an adjournment of the arbitration proceedings. On October 31, 2007, Plaintiff filed its complaint and the instant motion.

The Court will **GRANT** Plaintiff's motion because the parties' collective bargaining agreement ("CBA") is governed by § 301 of the Labor Management Relations Act of 1947 ("LMRA"). Sixth Circuit authority suggests that courts find guidance from the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, when resolving arbitration disputes governed by § 301 of the

LMRA. See *AFL-CIO v. WJBK-TV*, 164 F.3d 1004 (6th Cir. 1999).

Although the motion was scheduled for hearing before this Court on February 12, 2008, the Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the briefs. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

As indicated above, Plaintiff and Defendant are currently participating in an arbitration proceeding resolving Defendant's grievance over the discharge of McFerrin. McFerrin, a member of Defendant's employment union, worked as a delivery driver for Plaintiff. As part of his employment duties, McFerrin delivered dairy products to a Wal-Mart retail location in Houghton Lake, Michigan. Allegedly, McFerrin made inappropriate comments to female Wal-Mart employees while delivering products to the retail location. Wal-Mart managers filed complaints with Plaintiff, which eventually lead to McFerrin's discharge.

Defendant initiated the arbitration proceeding in accordance with the governing CBA. The arbitrator issued subpoenas to five Wal-Mart employees compelling each to testify at the arbitration proceeding. According to Plaintiff, those employees are Chuck Garrow, Tricia Lubert, Rebecca Byington, Deb Call, and Jason Kendrick. See Dkt. # 10. Counsel for the Wal-Mart employees indicated that the employees would not comply with the subpoenas unless represented by counsel at the arbitration proceedings. Defendant objected to the presence of counsel and the employees refused to attend the proceedings without representation. Plaintiff postponed arbitration proceedings and filed the instant complaint and motion.

The CBA governs the relationship between Plaintiff and Defendant. According to the terms of the CBA, the parties agreed to resolve disputes as follows:

ARTICLE 5
ARBITRATION AND GRIEVANCE PROCEDURE

Section 1. It is mutually agreed that all grievances, disputes or complaints over the interpretation or application of this Agreement arising under and during the term of this Agreement shall be settled in accordance with the procedure herein provided ...

\* \* \*

(b) Any grievance may be submitted to one arbitrator chosen by mutual agreement from a panel of arbitrators obtained from the Federal Mediation and Conciliation Service.

\* \* \*

Section 6. The Arbitrator shall have no power to add to or subtract from or modify any of the terms of this agreement.

Dkt. # 1 at 12-13. The arbitration agreement does not contain any arbitration procedures or guidelines relevant to the instant dispute. Nor does the agreement refer to any extraneous procedures or guidelines that the arbitrator is to rely on.

II

Plaintiff contends that the Court has jurisdiction over its complaint because the arbitration provision is incorporated into the CBA, which is governed by § 301 of the LMRA. 29 U.S.C. § 185. Second, Plaintiff asserts that courts are to look to the FAA, 9 U.S.C. § 1 *et seq.*, when enforcing an arbitration agreement controlled by the LMRA. The FAA provides that a party to an arbitration may petition a district court to enforce an arbitration subpoena. 9 U.S. C. § 7.

As a threshold matter, the Court concludes that it has subject-matter jurisdiction over Plaintiff's complaint. The LMRA confers jurisdiction to federal courts for disputes arising out of

an arbitration provision included in a collective bargaining agreement. *AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1007-08 (6th Cir. 1999). Additionally, courts are to apply federal substantive law to claims arising under § 301 of the LMRA. *Id.* at 1009.

The Sixth Circuit held that a district court may rely on the FAA to issue an order enforcing an arbitrator's subpoena in a dispute arising out of a collective bargaining agreement governed by § 301 of the LMRA. *Id.* In *WJBK-TV*, the plaintiff requested the district court issue an order enforcing the subpoena duces tecum for the arbitration of a labor dispute. *Id.* at 1006. The parties' relationship was governed by a collective bargaining agreement, which contained an arbitration provision. *Id.* The arbitration provision stated that any arbitration "is to be conducted under the Voluntary Labor Arbitration Rules of the American Arbitration Association, which permit[ted] an arbitrator 'authorized by law' to subpoena witnesses and documents . . ." *Id.* at 1006 fn. 2.

The Sixth Circuit reasoned that courts "may look to the FAA for guidance in labor arbitration cases . . ." *Id.* at 1009 (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 fn. 9 (1987); see also *Int'l Brotherhood of Teamsters, Local 519 v. United Parcel Service, Inc.*, 335 F.3d 497, 503 fn. 2 (6th Cir. 2003) (recognizing that federal courts have been guided by the FAA in labor cases, despite the fact that the collective bargaining agreements are not bound to the FAA). The FAA authorizes an arbitrator to "summon in writing any person to attend" as a witness or provide any document. *Id.* (citing 9 U.S.C. § 7). Additionally, the FAA provides parties to an arbitration the opportunity to petition a district court for the enforcement of a subpoena under the threat of contempt of court. *Id.* Ultimately, the Sixth Circuit found that the district court erred in not issuing an order to enforce the arbitrator's subpoena. *Id.* at 1010.

The Court finds that *WJBK-TV* to be dispositive authority. In the instant matter, it appears

that the arbitration provision contained in the CBA is governed by § 301 of the LMRA. Indeed, the Sixth Circuit held that a district court is to find guidance in the FAA. Moreover, the parties' CBA is silent with respect to alternative arbitration procedures or guidelines.

Defendant attempts to distinguish the holding in *WJBK-TV*, contending that the arbitration provision contained in the collective bargaining agreement in *WJBK-TV* was governed by the rules of the American Arbitration Association, which "permit[ted] an arbitrator 'authorized by law to subpoena witnesses and documents. . .'" *Id.* at 1006 fn. 2. Defendant asserts it is paramount that the parties' arbitration agreement in *WJBK-TV*, allowed for the arbitrator to issue subpoenas via the incorporated rules of the American Arbitration Association. See Dkt. 11 at 6-7. Moreover, Defendant contends that the CBA expressly forbids an arbitrator from modifying the terms of the agreement. *Id.*

In the Court's view, Defendant's argument is unpersuasive. Though the *WJBK-TV* Court noted that the parties' agreement incorporated the American Arbitration Association's rules, the Court primarily relied on 9 U.S.C. § 7 as the authority for the district court's enforcement of a subpoena. In concluding that the FAA applied, the Court relied on §301 of the LMRA and its decision was not predicated on the authority granted in the underlying arbitration provision.

Next, Defendant contends that *Michigan State Employees Ass'n v. Michigan Liquor Control Comm'n*, 591 N.W.2d 42 (Mich. Ct. App. 1999), compels this Court to deny Plaintiff's motion for an order enforcing the subpoenas. In *Michigan Liquor*, the Michigan Court of Appeals reversed the trial court's decision to enforce an arbitration subpoena. *Id.* at 42. Similar to *WJBK-TV*, the parties' collective bargaining agreement contained an arbitration provision, which incorporated the American Arbitration Association's rule that an arbitrator may enforce a subpoena when "authorized

by law." *Id.* at 43. In *Michigan Liquor*, however, the Court expressly found that the FAA did not apply to arbitration provision, concluding that Sixth Circuit authority held that parties to a collective bargaining agreement were exempt from the FAA. *Id.* (citing *Bacushishua v. United States Postal Service*, 859 F.2d 402, 404-05 (6th Cir. 1988)). The Court found that the arbitrator lacked authority to issue subpoenas as it interpreted the parties' "clear" intent of the agreement not to provide for that power. *Id*. at 69-70.

In the Court's view, the Sixth Circuit's opinion in *WJBK-TV* supercedes the holding in *Bacushishua*, which the *Michigan Liquor* Court relied on. First, the Sixth Circuit's opinion in *WJBK-TV* specifically addressed the applicability of the LMRA to collective bargaining agreements. Defendant has not disputed that § 301 of the LMRA controls the parties' CBA. Moreover, the Sixth Circuit stated that courts may find guidance from the FAA. Second, the Michigan Court of Appeals decided *Michigan Liquor* six days prior to the Sixth Circuit's decision in *WJBK-TV*. This is noteworthy in light of the *WJBK-TV* Court's holding that an arbitration dispute arising out of a collective bargaining agreement arises under § 301 of the LMRA. This lead to the Sixth Circuit's conclusion, based on United States Supreme Court authority, that courts may look to the FAA for guidance on LMRA governed arbitration disputes. Ultimately, this conclusion post-dates the contradictory holding in *Michigan Liquor* that the FAA is inapplicable to arbitration provisions incorporated in collective bargaining agreements.

Additionally, this Court recognizes that *Michigan Liquor* is merely persuasive authority discussing a state court's ability to enforce an arbitration conducted under the laws of Michigan. In light of the clear holding in *WJBK-TV* and the lack of arbitration procedures contained in the CBA's arbitration provision, this Court will issue an order enforcing the subpoenas.

Finally, in the event that the Court granted Plaintiff's motion, Defendant asserts that the order "cannot extend to the counsel for the Wal-Mart associates." Dkt. # 11 at 8. Essentially, Defendant is requesting the Court to make a determination regarding the witnesses' right to appear with representation. "Courts may interpret an arbitration agreement to determine its validity or applicability, but arbitrators are to interpret all other aspects of the arbitration agreement." *Green Tree Financial Corp., v. Bazzle*, 539 U.S. 444, 447 (2003). Defendant does not challenge the arbitration provision's validity or applicability in the instant matter. Thus, the arbitrator, and not the Court, retains the authority to make the threshold determination regarding this aspect of the CBA's arbitration agreement, subject to any rights the third party witnesses may advance.

III

Accordingly, it is **ORDERED** that Plaintiff Country Fresh L.L.C.'s motion for a court order to enforce arbitration subpoenas [Dkt. # 2] is **GRANTED**.

It is further **ORDERED** that Chuck Garrow, Tricia Lubert, Rebecca Byington, Deb Call, and Jason Kendrick shall appear before the arbitrator pursuant to the terms of the subpoenas issued by Alan Walt, the arbitrator in this matter. Plaintiff shall cause this order to be served upon each subpoenaed witness by certified mail **on or before March 10, 2008**. In the event that any of the previously subpoenaed witnesses do not comply with the arbitrator's subpoena, Plaintiff may request by motion that the witness be found in contempt of this Court.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 19, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 19, 2008.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS